IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| TRANG NGUYEN § | |
| § | |
| v. § | CIVIL ACTION NO. 4:23-CV-00054-AGD |
| § | |
| COSTCO WHOLESALE CORPORATION § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant Costco Wholesale Corporation's ("Defendant") Motion for Summary Judgment and Brief in Support (Dkt. #30). On January 4, 2024, Plaintiff Trang Nguyen ("Plaintiff") filed her Response to Defendant's Motion for Summary Judgment and Brief in Support ("Response") (Dkt. #37). On January 12, 2024, Defendant filed its Corrected Motion to Strike and Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment, Exhibits, and Brief in Support ("Reply") (Dkt. #39). Then, on January 15, 2024, Plaintiff filed her Sur-Reply in Further Response to Defendant's Motion to Strike and Reply to "PL's Response to Def's Motion for Summary Judgment, Exhibits, and Briefs in Support" ("Sur-Reply") (Dkt. #40). Having reviewed the Motion, Response, Reply, Sur-Reply, and all relevant pleadings, the court finds that Defendant's Motion for Summary Judgment and Brief in Support (Dkt. #30) should be granted.

## BACKGROUND

On January 17, 2021, Plaintiff was shopping at Defendant's McKinney, Texas location (Dkt. #5 at p. 1). During this shopping experience, Plaintiff alleges she was injured when "she tripped and fell on a flatbed cart that had been left unattended and was blocking the walkway of the aisle." (Dkt. #5 at p. 1). Plaintiff alleges "Defendant knew or reasonably should have known of the condition of the premises." (Dkt. #5 at p. 2). Plaintiff argues the condition "was either

created by Defendant, by Defendant's employees leaving the cart in the location, or it had existed for such a period of time that a reasonable inspection of the aisles would have revealed the unattended flatbed cart." (Dkt. #5 at p. 2). Plaintiff argues that her injuries are "a direct and proximate result of Defendant's negligence." (Dkt. #5 at p. 3). Plaintiff filed the instant lawsuit against Defendant on December 19, 2022, in County Court at Law No. 7 of Collin County, Texas (Dkt. #1, Exhibit 1). Defendant timely removed the lawsuit on January 19, 2023 (Dkt. #1). Plaintiff appears to allege claims of negligence and premises liability against Defendant (Dkt. #5).

On October 11, 2023, Defendant filed a Motion for Summary Judgment (Dkt. #30). Defendant asserts that Plaintiff is unable to establish that Defendant had actual or constructive knowledge of the condition that allegedly caused Plaintiff's injuries (Dkt. #30 at p. 7). Additionally, Defendant asserts that the alleged dangerous condition was open and obvious (Dkt. #30 at p. 7). On January 4, 2024, Plaintiff filed a Response that disputes two of Defendant's stated issues by claiming that a genuine dispute of material fact exists as to whether Defendant had constructive knowledge and whether the condition was an open and obvious condition (Dkt. #37 at p. 4).[1] On January 12, 2024, Defendant filed its Reply (Dkt. #39), which attempts to serve two functions: (1) to strike evidence from Plaintiff's Response; and (2) to reply to Plaintiff's Response (Dkt. #39).[2] On January 15, 2024, Plaintiff filed a Sur-Reply (Dkt. #40). As such, the Motion for Summary Judgment (Dkt. #30) is fully briefed.

---

[1] Plaintiff does not dispute the fact that Defendant did not have actual knowledge of the alleged dangerous condition.
[2] Defendant originally filed its Motion to Strike and Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment, Exhibits, and Brief in Support (Dkt. #38) on January 11, 2024. On the same day, Docket #38 was marked as deficient for failure to comply with Local Rule CV-7(a), which requires each civil pleading, motion, or response to a motion to be filed as a separate document. Defendant refiled its motion (Dkt. #39) the next day, January 12, 2024. However, Docket #39 fails to cure the defect. Accordingly, the court construes Docket #39 to be a Reply to Defendant's Motion for Summary Judgment only, disregarding Defendant's Motion to Strike. The parties are advised, however, that in deciding Defendant's Motion for Summary Judgment (Dkt. #30), the court has not relied on any evidence that is not properly before the court.

**LEGAL STANDARD**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses to help "secure the just, speedy and inexpensive determination of every action." *Nat'l Cas. Co. v. Kiva Const. & Eng'g, Inc.*, 496 F. App'x 446, 449 (5th Cir. 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Certain Underwriters at Lloyd's, London v. Axon Pressure Prod. Inc.*, 951 F.3d 248, 255 (5th Cir. 2020) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). All inferences must be construed in the light most favorable to the nonmoving party. *See id.*; *Osprey Ship Mgmt. Inc. v. Foster*, 387 F. App'x 425, 429 (5th Cir. 2010). "[T]he substantive law will identify which facts are material. This means [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Gibson v. Collier*, 920 F.3d 212, 219 (5th Cir.), *cert. denied*, 140 S. Ct. 653 (2019) (citing *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 378 (5th Cir. 2019)) (internal quotations omitted).

The party moving for summary judgment has the burden of showing that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. *Cotroneo v. Shaw Env't & Infrastructure, Inc.*, 639 F.3d 186, 191 (5th Cir. 2011). "[W]here the movant bears the burden of proof at trial, the movant 'must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor.'" *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 302 (5th Cir. 2020) (citation omitted). However, if the movant

does not bear the burden of proof at trial, the movant is entitled to summary judgment if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Gonzales v. ConocoPhillips Co.*, 806 F. App'x 289, 291 (5th Cir. 2020) (citing *Celotex*, 477 U.S. at 323). Once the movant has carried its burden, the nonmovant "must go beyond the pleadings and identify specific evidence in the record showing that there is a genuine issue for trial." *Powers v. Northside Indep. Sch. Dist.*, 951 F.3d 298, 307 (5th Cir. 2020). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Malbrough v. Stelly*, 814 F. App'x 798, 802 (5th Cir. 2020) (citing *Anderson*, 477 U.S. at 249–50).

## ANALYSIS

Plaintiff's First Amended Complaint appears to conflate two separate theories of liability: (1) negligent activity; and (2) premises liability (Dkt. #5). Both are state law claims, so Texas law governs this diversity lawsuit. *Austin v. Kroger Tex., L.P.*, 746 F.3d 191, 196 (5th Cir. 2014) ("*Austin I*"). For Plaintiff to recover under a negligent activity theory, Plaintiff must establish that her injuries occurred as a result of "affirmative, contemporaneous conduct by the owner that caused the injury." *Id.* Premises liability, on the other hand, is "based on the owner's failure to take measures to make the property safe." *Id.* Plaintiff's injuries allegedly occurred when she tripped over a flatbed cart, which Plaintiff alleges was a "condition of the premises [that] posed an unreasonable risk of harm." (Dkt. #5 at p. 2). Thus, Plaintiff's lawsuit relies only on a premises liability theory. *See Austin I*, 746 F.3d at 197 ("Especially considering that many Texas courts have taken a similar approach, we conclude that [the plaintiff] cannot pursue *both* a negligent activity and a premises defect theory of recovery based on the same injury.") (internal citation omitted and emphasis in original).

Plaintiff, as a customer in Defendant's supermarket, was an invitee. *See Pay and Save, Inc. v. Canales*, No. 04-02-00125-CV, 2022 WL 4227575, at *4 (Tex. App.—San Antonio Sept. 14, 2022) ("A plaintiff who enters the defendant's property with the defendant's knowledge and for the plaintiff's and defendant's mutual benefit is an invitee.") (citing *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 202 (Tex. 2015) ("*Austin II*"). In premises liability cases, the owner or occupier of a premises owes a duty to an invitee "to exercise reasonable care to protect against danger from a condition on the land that creates an unreasonable risk of harm of which the owner or occupier knew or by the exercise of reasonable care would discover." *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000) (citing *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 295 (Tex. 1983)). "The duty owed by an owner or occupier of premises to an invitee is not that of an insurer." *Id.* (citing *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998)). However, "[w]hen the danger is open and obvious, the property owner generally has no obligation to warn of the danger or make the premises safe, as a matter of law." *Los Compadres Pescadores, L.L.C. v. Valdez*, 622 S.W.3d 771, 788 (Tex. 2021).

To recover damages in a premises liability case, a plaintiff must establish the following elements: "(1) Actual or constructive knowledge of some condition on the premises by the owner/operator; (2) That the condition posed an unreasonable risk of harm; (3) That the owner/operator did not exercise reasonable care to reduce the risk; and (4) That the owner/operator's failure to use such care proximately caused the plaintiff's injuries." *Gonzalez*, 968 S.W.2d at 936 (citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992); *Corbin*, 648 S.W.2d at 296).

### A. *Actual or Constructive Knowledge of the Dangerous Condition*

In the present case, the only element of premises liability that the parties dispute is whether Defendant had actual or constructive knowledge of the dangerous condition on Defendant's premises. *See* (Dkt. #30; Dkt. #37; Dkt. #39; Dkt. #40). Defendant argues that actual knowledge does not exist (Dkt. #30 at pp. 11–12), and Plaintiff raises no argument to the contrary (Dkt. #37).[3] Thus, there is no genuine dispute of material fact that Defendant did not have actual knowledge. Accordingly, Defendant, the movant, is entitled to summary judgment on the element of whether Defendant had actual knowledge of a dangerous condition because Plaintiff "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Gonzales*, 806 F. App'x at 291.

Now, the court need only discuss whether Defendant had constructive knowledge of the dangerous condition: *i.e.*, the flatbed cart. Both parties rely on *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812 (Tex. 2002) to argue that constructive knowledge can be established by, *inter alia*, showing that the dangerous condition lasted for a long enough period of time that "the owner had a reasonable opportunity to discover and remedy a dangerous condition." *Reece*, 81 S.W.3d at 816. This is known as the time-notice rule. *Id.* The length of time a condition lasted may be established by circumstantial evidence. *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). In the present case, there is no question about the length of time the flatbed cart was in place: 78 seconds. (Dkt. #30 at p. 12; Dkt. #30, Exhibit 1). Defendant submitted, as Exhibit 1 to its Motion for Summary Judgment, a video that captured the moments leading up to and after Plaintiff tripping over the flatbed cart ("Surveillance Video"). The evidence clearly establishes that another Costco

---

[3] Indeed, Plaintiff's Response to Defendant's Motion for Summary Judgment simply states: "A genuine issue of material fact exists as to *whether Defendant had constructive notice of the condition* because evidence shows that a reasonable inspection would have revealed the condition." (Dkt. #37 at p. 13) (emphasis added).

shopper pushed the flatbed cart toward the checkout lines and then placed the cart against the endcap of a nearby aisle. *See Surveillance Video*. Seventy-eight seconds later, Plaintiff tripped over the flatbed cart. *See Surveillance Video*. Thus, there is no issue as to the timing of the alleged dangerous condition.

Plaintiff argues in her Response to Defendant's Motion for Summary Judgment that this 78-second time frame was a reasonable amount of time to allow Defendant to discover the dangerous condition based on "the proximity of the dangerous condition to an employee *and* whether the dangerous condition is conspicuous." (Dkt. #37 at pp. 14–15) (citing *Hill v. PetSmart, Inc.*, No. 6:20-CV-00004, 2022 WL 980269, at *8 (S.D. Tex. Mar. 30, 2022)) (emphasis in original). Plaintiff argues, and the Surveillance Video establishes, that "at least five employees were in close proximity to the condition prior to Plaintiff's fall." (Dkt. #37 at p. 18). Plaintiff also states that, "these five employees could have easily seen the condition, had they looked." (Dkt. #37 at p. 18).

By Plaintiff's own admission, the proximity of Defendant's employees to the condition is speculative at best regarding constructive knowledge. Plaintiff argues that the employees *could have easily seen* the condition, *had they looked*. A reasonable inference could just as easily be made that the employees did not notice the condition. As such, this is insufficient to establish that Defendant had constructive knowledge. *See Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d at 936 ("[M]eager circumstantial evidence from which equally plausible but opposite inferences may be drawn is speculative and thus legally insufficient . . . ."). Alone, this evidence is insufficient to establish constructive knowledge. *Hill*, 2022 WL 980269, at *8 (stating that "an employee's proximity to the dangerous condition, alone, is legally insufficient to charge a premises owner with constructive knowledge"). Merely being near the flatbed cart is insufficient to impute constructive

knowledge on Defendant. *Gonzalez*, 968 S.W.2d at 936 ("Because we conclude that the circumstantial evidence in this case supports only the *possibility* that the dangerous condition existed long enough to give Wal-Mart a reasonable opportunity to discover it, we reverse and render judgment for Wal-Mart.").[4]

While the court finds that the proximity evidence is speculative and insufficient to survive summary judgment, the court still considers the second element: *i.e.*, the conspicuous nature of the alleged hazard. Plaintiff contends that "[t]he conspicuousness of the cart to Defendant's employees does not seem to be at issue, as Defendant contends in its Motion for Summary Judgment that the cart was an open and obvious condition." (Dkt. #37 at p. 18). Defendant does not specifically address the condition as it relates to its conspicuousness. Defendant does, however, state that the flatbed cart was in a "very large, safe area," that "no Costco members [shoppers] were blocking Plaintiff's field of vision," that "the flatbed cart was painted with emergency orange paint, was large, and easily visible," and that Plaintiff "could traverse the premises by simply *walking around the flatbed cart*." (Dkt. #30 at p. 15) (emphasis in original). In reviewing the pleadings and the Surveillance Video, the court concludes that the flatbed cart was conspicuous. However, because Plaintiff failed to provide summary judgment evidence regarding the first element of the constructive knowledge test, Plaintiff cannot establish constructive knowledge on behalf of Defendant as a matter of law.

### B. *Premises Owner or Occupier's Duty to Warn*

Even though the court finds that Defendant is entitled to summary judgment because it did not have actual or constructive knowledge of the alleged dangerous condition created by the flatbed cart, the court also considers whether the flatbed cart was an open and obvious danger. The Texas

---

[4] Likewise, Plaintiff has not submitted evidence to establish that 78 seconds is a reasonable time for Defendant to have cleared the alleged dangerous condition or warn Plaintiff of the alleged dangerous condition.

Supreme Court addressed a premises owner or occupier's duty to warn in the context of an employer/employee context in *Austin II*. The Texas Supreme Court stated that

> (1) employers owe employees *the same premises-liability duty that other landowners owe to their invitees*; (2) in most cases, the landowner's premises-liability duty is to either make safe or warn invitees of concealed dangers of which the landowner is or should be aware but the invitee is not; and (3) in most cases, *a landowner owes no duty to protect an invitee against a dangerous condition that is open and obvious or known to the invitee*.

*Austin II*, 465 S.W.3d at 202 (emphasis added).

"Whether a danger is open and obvious is a question of law determined under an objective test." *Los Compadres Pescadores*, 622 S.W.3d at 788 (citing *Caterpillar Inc. v. Shears*, 911 S.W.2d 379, 383 (Tex. 1995)). A court must determine "whether the danger is 'so open and obvious that as a matter of law [the plaintiff] will be charged with knowledge and appreciation thereof.'" *Id.* (citing *Parker v. Highland Park, Inc.*, 565 S.W.2d 512, 516 (Tex. 1978)). "[T]he question is not what the plaintiff subjectively or actually knew but what a reasonably prudent person would have known under similar circumstances." *Id.* (citing *Tex. Dep't of Hum. Servs. v. Okoli*, 440 S.W.3d 611, 614 (Tex. 2014)). "To properly apply an objective test, we must consider the totality of the particular circumstances the plaintiff faced." *Id.* at 788–89 (internal citation and quotation marks omitted). Thus, the court must determine whether, under the circumstances presented at the time Plaintiff fell, a reasonably prudent person would have known about the dangerous condition.

In *Ille v. Lowe's Home Center, L.L.C.*, the plaintiff can be seen on surveillance footage "walk[ing] toward a row of stacked chairs behind [an abandoned] flatbed cart, which left her standing between the chairs in front of her and the flatbed cart behind her." No. 1:20-CV-143-H, 2021 WL 6063112, at *2 (N.D. Tex. Dec. 20, 2021). The plaintiff "then took a step back without looking and tripped over the flatbed cart, injuring her left wrist." *Id.* As in the present case, the

MEMORANDUM OPINION AND ORDER – Page 9

facts in *Ille* are "undisputed and confirmed by the footage from a security camera at the Store." *Id.* In *Ille* the court gathered cases where courts found conditions to be open and obvious. *Id.* at *4–*5 (collecting cases). The court stated:

> The common denominator in these cases is distinctive, conspicuous features inherent in the condition relative to its surroundings, the extent to which the condition is unobscured from view, and the fact that the plaintiff was, or a reasonable person—with plaintiff's degree of familiarity under similar circumstances—would have been, aware of the condition.

*Id.* at *5.

Here, Plaintiff argues the flatbed cart was not open and obvious because "from the direction Plaintiff approached the cart, the cart was concealed by the endcap of the aisle." (Dkt. #37 at p. 21). Plaintiff also argues, and the evidence establishes, that the "emergency orange" color of the flatbed cart blended in with the endcap product against which the unknown shopper placed the cart (Dkt. #37 at p. 21). Plaintiff asserts that this evidence "support[s] a reasonable inference that, even if the cart was partially visible from the direction Plaintiff approached it, it blended in with the endcap and was thus obscured." (Dkt. #37 at p. 21). This is not, however, a reasonable inference. At most, the color of the handle matching the color of the endcap product supports an inference that Plaintiff could not see the vertical handle. It does not support an inference that Plaintiff could not see the 60-inch-long flatbed cart.

The Surveillance Video establishes that Plaintiff was looking completely over her right shoulder while she made a left-hand turn at the end of the aisle when she tripped over the flatbed cart. The test is not whether Plaintiff saw the flatbed cart, but whether a reasonably prudent person would have seen the cart. *Los Compadres Pescadores*, 622 S.W.3d at 788.

The court finds that a reasonably prudent person would have seen the flatbed cart. This conclusion is supported by the fact that several people are seen in the Surveillance Video walking near or maneuvering around the flatbed cart (Dkt. #30, Exhibit 1). This conclusion is further

bolstered by the fact that the person with whom Plaintiff appears to be shopping maneuvers a shopping cart around the flatbed cart mere seconds before Plaintiff falls (Dkt. #30, Exhibit 1). The flatbed cart was open and obvious to each of the people who walked around it—just as open and obvious as it would have been to a reasonably prudent person. Accordingly, the court finds that the flatbed cart was open and obvious as a matter of law, and Defendant did not owe a duty to Plaintiff to warn of the condition or protect Plaintiff from the condition. Thus, Defendant is entitled to summary judgment on Plaintiff's claims.

## CONCLUSION

For the foregoing reasons, the court holds that Defendant's Motion for Summary Judgment and Brief in Support (Dkt. #30) is **GRANTED**, and Plaintiff's Complaint (Dkt. #5) is **DISMISSED WITH PREJUDICE**. Any request for relief not addressed herein is denied as **MOOT**.

**SIGNED this 17th day of March, 2025.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE